**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHARLES FENNER** *et al*.,<br><br>    **Plaintiffs,**<br><br>   v.<br><br>**MAYOR & CITY COUNCIL OF BALTIMORE** *et al*.,<br><br>    **Defendants.** | Civil Action No. 1:21-cv-02646-DLB |

**<u>MEMORANDUM IN SUPPORT OF DEFENDANT WORKDAY, INC.'S
MOTION TO DISMISS COMPLAINT</u>**

Brooks R. Amiot  (No. 12148)
Jill S. Distler  (No. 26166)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland  21209
Phone: (410) 415-2000
Facsimile: (410) 415-2001
brooks.amiot@jacksonlewis.com
jill.distler@jacksonlewis.com

*Attorneys for Defendant Workday, Inc.*

**TABLE OF CONTENTS**
I.   INTRODUCTION ............................................................................................................. 1
II.  STANDARD OF REVIEW .............................................................................................. 2
III. ARGUMENT .................................................................................................................... 4
   A.   No Private Right Of Action Under NLRA. ............................................................... 4
   B.   Insufficient Facts Pled To Support An FLSA Claim. ................................................ 5
      1.   Plaintiffs Fail to Allege that Workday was their Employer. ................................. 5
      2.   Plaintiffs Fail to Allege Sufficient Facts to State a Violation of the FLSA. ............ 7
IV.  CONCLUSION ............................................................................................................... 10

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Workday, Inc. ("Workday"), by its undersigned attorneys, moves to dismiss all claims in Plaintiffs' Complaint with prejudice for failure to state claims upon which relief can be granted. Workday states as follows:

## I.   INTRODUCTION

*Pro se* plaintiffs, Charles Fenner, Beverly Stevenson, Tijuana McKoy, Sheena Scott, John Doe, and Jane Doe (collectively, "Plaintiffs") filed this lawsuit against Workday and four additional Defendants – the Mayor & City Council of Baltimore, the City Union of Baltimore, the Baltimore Department of Finance, and the Baltimore Police Department (collectively, "Defendants"). The Complaint purports to allege violations of the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* ("NLRA") and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").[1] Plaintiffs vaguely allege that Defendants violated their rights "with respect to overtime pay, record keeping, and other terms" and "by refusing to properly compensate" Plaintiffs, and that Defendants violated the NLRA "by refusing to bargain collectively and in good faith concerning representation in bargaining and enforcing a bargaining agreement." (ECF No. 1 at 14-15). The Complaint does not contain any allegations regarding Plaintiffs' relationship to any of the Defendants.

Defendant Workday is a software vendor that sells software applications, including payroll software, to companies. Plaintiffs are not employed by Workday, and they do not allege that they are, or have ever been, employed by Workday. Rather, Plaintiffs sue Workday only in its capacity as a provider of a "payroll management system." (*Id.* at 14). They vaguely allege that Workday's

---

[1] Although the Complaint also makes a vague reference to "other federal, state and local labor laws" (ECF No. 1 at 14), nowhere does it identify the laws to which it refers or assert any facts to demonstrate a violation of those unspecified laws.

"payroll management system" has "performed erroneous calculations resulting in plaintiff not receiving proper pay, and continues to not calculate payroll properly causing plaintiff to be under paid, receive no pay, be overpaid, or not properly compensated according to the department and specific pay guidelines according to contract." (*Id.*). Plaintiffs further allege that Defendant Baltimore Department of Finance is responsible for "maintenance" of the Workday system and for taking steps to correct the system if it is not calculating their pay correctly. (*Id.*).

For the reasons explained below, even assuming, *arguendo*, the truth of the allegations in the Complaint, there is no viable claim against Workday under any of the theories asserted by Plaintiffs. First, Plaintiffs' NLRA claim, which is conclusory and lacks basic facts, must be dismissed, because there is no private cause of action under the NLRA. Second, Plaintiffs' FLSA claim against Workday must be dismissed, because Plaintiffs have not alleged that Workday was its employer under the FLSA. Third, Plaintiffs' FLSA claim against Workday must be dismissed, because the Complaint does not contain facts sufficient to allege a violation of the FLSA.

For these reasons, all of Plaintiffs' claims against Workday should be dismissed in their entirety for failure to state a claim upon which relief can be granted.

## II.     STANDARD OF REVIEW

Workday's request that the Court dismiss all of Plaintiffs' claims against it for failure to state a claim upon which relief can be granted is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 12(b)(6) (providing for dismissal of claims for "failure to state a claim upon which relief can be granted"). All claims against Workday should be dismissed under the pleading standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and as that standard has been applied by the Fourth Circuit and this Court.

As the Fourth Circuit repeatedly has noted, the Supreme Court's opinions in *Twombly* and *Iqbal* "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In those two cases, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. "First, although a court must accept as true all factual allegations contained in a complaint, such deference is not accorded to legal conclusions stated therein. The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6). Second, to survive such a motion, a complaint must state a 'plausible claim for relief.'" *Walters*, 684 F.3d at 439 (internal citations to *Iqbal* omitted); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Conclusory allegations are insufficient to survive a motion to dismiss. *See Holloway v. Maryland*, Civil Action No. RDB-20-0377, 2020 U.S. Dist. LEXIS 142705, at *13-14 (D. Md. Aug. 10, 2020). Although the Court takes the facts in the light most favorable to the plaintiff, the Court "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

In ruling on Workday's motion, the Court may consider Workday's website, cited below, without converting Workday's motion to dismiss into a motion for summary judgment, as the website is a matter of public record. *See Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180

3

(4th Cir. 2009) (stating that in reviewing a Rule 12(b)(6) dismissal, the court can "take judicial notice of matters of public record").

### III.     ARGUMENT

A.     **No Private Right Of Action Under NLRA.**

Plaintiffs purport to assert a violation of the NLRA, alleging that Defendants refused "to bargain collectively and in good faith concerning representation in bargaining and enforcing a bargaining agreement."  (ECF No. 1 at 14).  It appears that Plaintiffs are alleging that Workday and the other Defendants committed an unfair labor practice in violation of Section 8(a)(5) of the NLRA by refusing to bargain collectively and in good faith.  *See* NLRA, 29 U.S.C. § 158(a)(5) (stating that it is "an unfair labor practice for an employer . . . to refuse to bargain collectively with the representatives of his employees").

Plaintiffs' NLRA claim against Workday fails as a matter of law, because there is no private cause of action under the NLRA.  The proper recourse for an unfair labor practice in violation of the NLRA is to pursue a claim before the National Labor Relations Board ("NLRB"), which has exclusive jurisdiction over such actions.  *See Richardson v. Kruchko & Fries*, 966 F.2d 153, 158 (4th Cir. 1992) (stating that "determinations as to whether . . . conduct constitutes an unfair labor practice under the NLRA § 8" are "at the heart of the NLRB's exclusive jurisdiction"); *Alston v. Balt. Gas & Elec. Co.*, 2020 U.S. Dist. LEXIS 211098, at *22-23 (D. Md. Nov. 12, 2020) (stating that "the NLRB has exclusive jurisdiction to determine whether conduct constitutes an unfair labor practice under the NLRA," and that "state and federal courts are preempted from considering conduct that is either 'arguably protected' or 'arguably prohibited' by the NLRA, because the courts must defer those issues to the NLRB" (quoting *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 242, 245 (1959)); *see also Doe v. Paychex, Inc.*, 2019 U.S. Dist. LEXIS 78135, at *25 (D. Conn. May 6, 2019) ("Individual plaintiffs do not have a right to sue under the National

4

Labor Relations Act." (citing *Sandoval v. New Mexico Tech. Grp. LLC*, 174 F. Supp. 2d 1224, 1230 (D.N.M. 2001)).  Because Plaintiffs' claim that Workday failed to bargain collectively and in good faith in violation of the NLRA "falls squarely within the exclusive jurisdiction of the NLRB . . . dismissal with prejudice is appropriate."  *Alston*, 2020 U.S. Dist. LEXIS 211098, at *23-24.  Accordingly, Plaintiffs' NLRA claim should be dismissed against Workday with prejudice. [2]

### B.     Insufficient Facts Pled To Support An FLSA Claim.

Plaintiffs' FLSA claim against Workday should be dismissed, because: (1) Plaintiffs fail to plead any facts to establish that Workday was their "employer" under the FLSA; and (2) Plaintiffs fail to plead sufficient facts to state a claim that Workday violated the FLSA.

#### 1.     Plaintiffs Fail to Allege that Workday was their Employer.

To assert a viable claim against Workday under the FLSA, Plaintiffs must demonstrate that Workday was their "employer."  *See* 29 U.S.C. § 216(b) ("Any *employer* who violates the provisions of Section 206 or Section 207 of this title shall be liable to the employee . . . .").  The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).

This Court determines whether an entity is an "employer" under the FLSA by examining "the economic realities of the relationship between the employee and the putative employer." *Caseres v. S & R Mgt. Co., LLC*, No. 12-cv-01358-AW, 2012 U.S. Dist. LEXIS 152724, at *7 (D. Md. Oct. 24, 2012).  The "economic realities test" looks to a number of factors, including whether

---

[2] Workday further notes that Plaintiffs' NLRA claim is conclusory and lacks any facts. The Plaintiffs do not allege that Workday was at any time their employer (which it was not), do not identify any alleged collective bargaining agreement at issue, do not allege that Workday was a party to any collective bargaining agreement, or that Workday otherwise had any obligation to bargain collectively with any representatives of Plaintiffs.

5

the putative employer "(1) has the authority to hire and fire employees; (2) supervises and controls work schedules or employment conditions; (3) determines the rate and method of payment; and (4) maintains employment records." *Khalil v. Subway at Arundel Mills Office Park, Inc.*, No. CCB-09-158, 2011 U.S. Dist. LEXIS 6513, at *6 (D. Md. Jan. 24, 2011). No single factor is dispositive; rather, the totality of the circumstances must be considered. *See*, *e.g.*, *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947) (employer-employee relationship does not depend on "isolated factors but rather upon the circumstances of the whole activity").

Workday was not Plaintiffs' employer. Plaintiffs' Complaint does not allege that Workday was Plaintiffs' employer, nor does it offer any facts or allegations that could establish that Workday was Plaintiffs' employer under the FLSA. For example, the Complaint does not allege any facts demonstrating that Workday had authority to hire and fire Plaintiffs, supervised or controlled Plaintiffs' work schedules or employment conditions, determined the rate and method of payment to Plaintiffs, or maintained Plaintiffs' employment records.

As previously noted, Workday is a software vendor that sells human resources software applications, including payroll software, to various companies. *See* www.workday.com. In this action, Plaintiffs sue Workday in its capacity as a provider of a "payroll management system," not as an employer. (ECF No. 1 at 14). Plaintiffs' Complaint alleges only that Workday's "payroll management system" has "performed erroneous calculations," and that Defendant Baltimore Department of Finance "oversees" the software and is responsible for maintaining it and making corrections if the software is not making proper pay calculations. (*Id.*). Thus, the Complaint is essentially alleging only that the Baltimore Department of Finance uses the Workday payroll software, and that the Baltimore Department of Finance was responsible for making sure that the software was properly calculating pay to the Plaintiffs.

Because Plaintiffs fail to offer any allegations that would establish that Workday was Plaintiffs' "employer" under the FLSA, Plaintiffs' FLSA claim against Workday must be dismissed. *See Dianda v. PDEI, Inc.*, 377 Fed. App'x 676, 678 (9th Cir. 2010) (holding that payroll company that did not exercise any control over employment relationship with plaintiff was not an employer under FLSA); *Kennedy v. Las Vegas Sands Corp.*, Case No. 2:17-cv-880, 2017 U.S. Dist. LEXIS 104194, at *6-8 (D. Nev. July 5, 2017) (granting defendant's motion to dismiss where plaintiff failed to allege sufficient facts to demonstrate that the defendant, which provided payroll services, was an "employer" under the FLSA).

**2. Plaintiffs Fail to Allege Sufficient Facts to State a Violation of the FLSA.**

Plaintiffs' FLSA claim must be dismissed for the additional reason that it fails to state a claim upon which relief can be granted. The FLSA sets minimum wage, overtime, and recordkeeping requirements for employers. 29 U.S.C. § 201 *et seq*. The Complaint claims that alleged errors in Workday's payroll management software resulted in Plaintiffs being under paid, receiving no pay, being overpaid, not being properly compensated according to departmental and contractual guidelines, and it vaguely and summarily alleges that Defendants violated their rights "with respect to overtime pay and record keeping." (ECF No. 1 at 14). These conclusory allegations are insufficient to state an FLSA violation.

First, nowhere in the Complaint do Plaintiffs reference "minimum wage" or allege that they were not paid minimum wage. Although Plaintiffs vaguely allege that they were underpaid or received no pay, they offer no facts regarding these allegations, and they claim in the same breath that they were also *overpaid*. (ECF No. 1 at 14). Accordingly, Plaintiffs have not asserted any facts to establish a minimum wage violation.

Second, the Complaint makes only a bare reference to record keeping. (*Id)*. It does not describe to what records it is referring or contain any facts regarding how Workday allegedly violated the FLSA's record-keeping requirements. Moreover, there is no private cause of action for a violation of the FLSA's record-keeping provisions, and any claim for such a violation must be dismissed on that basis alone. *See, e.g.*, *Armento v. Asheville Buncombe County Christian Ministry, Inc.*, 2019 U.S. Dist. LEXIS 51176, at *10 (W.D.N.C. March 27, 2019) (stating that "[t]here is no private right of action for violations of the record-keeping provisions under the FLSA," and that "the 'authority to enforce the Act's record-keeping provisions is vested exclusively with the Secretary of Labor'" (quoting *Barton v. Pantry, Inc.*, No. 1:04-cv-748, 2006 U.S. Dist. LEXIS 31290, at *3 (M.D.N.C. May 17, 2006)); *English v. Texas Farm Bureau Bus. Corp.*, Civil Action No. 6:17-cv-323, 2018 U.S. Dist. LEXIS 172930, at *21 (W.D. Tex. July 5, 2018) (there is no private cause of action for violation of the FLSA's record-keeping provisions); *Lopez v. Tri-State Drywall, Inc.*, 861 F. Supp. 2d 533, 536-37 (E.D. Pa. 2012) (dismissing plaintiff's FLSA record-keeping claim under Rule 12(b)(6), because there is no private cause of action for a violation of the FLSA's record-keeping requirements); *Davis v. Skylink Ltd.*, Civil Action No. 3:11-0094, 2011 U.S. Dist. LEXIS 64048, at *6-7 (S.D. W.Va. (June 15, 2011) (dismissing plaintiff's FLSA record-keeping claim, because plaintiffs do not have a private right of action to enforce the FLSA's record-keeping provisions).

With respect to the vague reference to overtime in the Complaint, Plaintiffs do not allege any facts in support of an overtime claim, and they do not even allege that they worked in excess of forty hours in any work week. Courts have dismissed FLSA claims by plaintiffs who have alleged even more than Plaintiffs offer here. *See Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017) (citing *Pruell v. Caritas Christi*, 678 F.3d 10, 15 (1st Cir. 2012) (stating that "plaintiffs

8

seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay," and that "to state a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week"); *Peterson v. M.J.J., Inc.*, No. JKB-16-3629, 2017 U.S. Dist. LEXIS 148908, at *11-12 (D. Md. Sep. 13, 2017), *aff'd*, 720 Fed. Appx. 702 (4th Cir. 2018) (dismissing plaintiffs' FLSA overtime claim where each plaintiff alleged only that "[t]hroughout [the Plaintiff's] employment . . . Plaintiff . . . regularly worked over forty hours a week yet was not paid at the proper overtime rate required by the FLSA," and stating that the plaintiffs' conclusory, bare allegation that they "regularly worked over forty hours a week" without being paid overtime wages "amounts to a legal conclusion couched as a factual allegation, which, under the *Iqbal-Twombly* standard, is due no deference by the Court when considering a motion to dismiss for failure to state a claim for relief"); *Aleman v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, Civ. No. 8:19-cv-00591-PX, 2019 U.S. Dist. LEXIS 212224, at *1-2, 6-7 (D. Md. Dec. 9, 2019) (dismissing plaintiff's FLSA overtime claim, because the amended complaint merely "recite[d] boilerplate elements of an overtime claim with no factual context" and provided "no facts by which this Court [could] infer how and in what capacity Plaintiffs worked more than 40 hours in a given week").

      For all of the above reasons, Plaintiffs' FLSA claim against Workday must be dismissed with prejudice.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, the Complaint fails to state a claim against Workday upon which relief can be granted, and all of Plaintiffs' claims against Workday should be dismissed with prejudice.

Dated:  January 20, 2022                              Respectfully submitted,

_____/s/_____
Brooks R. Amiot  (No. 12148)
Jill S. Distler  (No. 26166)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland  21209
Phone: (410) 415-2000
Facsimile: (410) 415-2001
brooks.amiot@jacksonlewis.com
jill.distler@jacksonlewis.com

*Attorneys for Defendant Workday, Inc.*