IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHARLES FENNER**, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: DLB-21-2646 |
| **MAYOR & CITY COUNCIL OF BALTIMORE**, *et al.*, | * | |
| | * | |
| Defendants. | | |

## MEMORANDUM OPINION

Plaintiffs Charles Fenner, Beverly Stevenson, Tijuana McKoy, and Sheena Scott, proceeding *pro se* and seeking to represent a class of similarly situated plaintiffs, filed suit against the Mayor and City Council of Baltimore (the "City"), the Baltimore Police Department ("BPD"), the Baltimore City Department of Finance, (collectively, the "City defendants"), Workday, Inc. ("Workday"), and the City Union of Baltimore, Local 800, AFT, AFL-CIO (the "Union").[1] ECF 1 (complaint). This case arises out of the city's transition to Workday, a payroll management service, and the problems that resulted. Plaintiffs claim violations of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as well as common law negligence and violations of unspecified state and local laws. They allege the Workday system has resulted in erroneous, late, and missed payroll payments. They also allege that the defendants refused to bargain in good faith; failed to comply with overtime, record keeping, and other provisions of the FLSA; and were negligent towards them.

---

[1] A *pro se* plaintiff may not bring a class action. *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 244 (4th Cir. 2020) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also* Loc. R. 101.1(a). The Court considers only the claims by the named plaintiffs.

The City defendants, Workday, and the Union have separately moved to dismiss. ECF 12 (Workday motion), 15 (City defendants motion), & 18 (Union motion). The motions are fully briefed. ECF 24 (opposition), 25 (City defendants reply), 27 (Union reply), & 29 (Workday reply). No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the motions to dismiss are granted.

**I.      Background**

The complaint is light on details and background information. Rather than attempt to restructure plaintiffs' allegations into a narrative, the Court quotes them in their entirety for the sake of accuracy. The complaint states:

> Plaintiffs are entitled to relief and damages sought by defendants based on defendants' violating the Fair Labor Standards Act and the National Labor Relations Act.
>
> Defendants did cause harm and violate employees' rights with respect to overtime pay, record keeping and other terms that cover employees in Federal, Local, and State governments for non-exempt employees. Defendants did and continue to violate not only the (FLSA) the (NLRA) but also other federal, state and local labor laws.
>
> Defendants did cause harm and violate the (NLRA) by refusing to bargain collectively and in good faith concerning representation in bringing and enforcing a bargaining agreement.
>
> Defendant Workday is a payroll management system that since its inception has performed erroneous calculations resulting in plaintiffs not receiving proper pay, and continues to not calculate payroll properly causing plaintiff to be under paid, receive no pay, be overpaid or not properly compensated according to the department and specific pay guidelines according to contract. Many plaintiffs are still awaiting pay from 9 months ago, in some form or fashion.
>
> Defendant Dept of Finance oversees the Workday systems and is responsible for maintenance and corrective action if the system is not performing correctly.
>
> Defendants, its agents, or representatives were negligent in their duty of care. Defendants did cause harm to plaintiff by violation of (NLRA) and the (FLSA). Defendants also caused emotional stress, and mental stress by refusing to properly compensate, bargain in good faith and otherwise correct issues that plaintiffs

>brought to managers and those in positions of authority who could have solved the issues that plaintiff alleges were in violation of their rights.
>
>Defendants refused to participate in Dept of Labor investigation concerning violations of acts.  Defendants primary place of business is Baltimore City.

ECF 1, at 14–15 (cleaned up).  Plaintiffs do not make any allegations regarding their relationships with any of the defendants.

Plaintiffs filed suit on October 15, 2021.  ECF 1.  After the defendants moved to dismiss on January 20 and 24, 2022, plaintiffs filed an opposition on March 2.  ECF 24.  The Court will consider the opposition even though only Fenner signed it, ECF 24, at 9, and even though it was filed approximately two weeks after the date it was due, ECF 16, 17, & 19 (notice letters dated January 20 and 25 indicating any opposition should be filed within 28 days of the date of the letters).  However, the Court will not consider the additional factual allegations in the opposition because the plaintiffs may not amend their complaint in an opposition brief.[2]  *See Whitten v. Apria Healthcare Grp., Inc.*, No. PWG-14-3193, 2015 WL 2227928, at *7 (D. Md. May 11, 2015) ("An opposition is not a proper vehicle for amending a complaint.") (citing *Saunders v. Putnam Am. Gov't Income Fund*, No. JFM-04-560, 2006 WL 1888906, at *2 n.2 (D. Md. July 7, 2006)).  The Court uses the additional factual proffers in the opposition only to interpret and clarify the allegations in the complaint, not to supplement them.

---

[2] For the sake of context: Exhibits attached to the opposition indicate that at the start of 2021, Baltimore undertook a massive service migration from its old HR and payroll processing systems to Workday.  ECF 24-1, at 2, 11.  The transition in essence shifted data entry and record keeping duties from full-time clerks to each individual employee.  *Id.* at 12.  The transition was not smooth.  *Id.* at 3.  For example, hours would not record correctly; pay rates were not accurate; direct deposit and checking information vanished, leaving employees without paychecks; overpayments occurred; and incorrect deductions occurred.  *Id.* at 13–14; ECF 24-2, at 8–10.  Fenner works or worked as an emergency dispatcher.  ECF 24-2, at 2.  He suffered several payroll errors after the switch to Workday, *id.*, and communicated with the Union about it, *id.* at 1–6.

## II.     Standard of Review

A Rule 12(b)(6) motion to dismiss for failure to state a claim "tests the legal sufficiency of a complaint" and "should be granted unless the complaint 'states a plausible claim for relief.'" *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017), *as amended* (Jan. 20, 2017) (quoting *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)); *see* Fed. R. Civ. P. 12(b)(6).  To survive the motion, the "complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).  Stated differently, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Butler v. United States*, 702 F.3d 749, 752 (4th Cir. 2012) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  In ruling on a Rule 12(b)(6) motion, the Court must accept all the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *In re Birmingham*, 846 F.3d at 92 (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).  Generally, the Court may consider only the allegations in the amended complaint and any documents attached to or incorporated into it.  *Zak v. Chelsea Therapeutics Int'l., Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448).

The Court is required to liberally construe *pro se* complaints.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "[C]ourts are not required," however, "'to conjure up questions never squarely presented to them.'" *Deabreu v. Novastar Home Mortg., Inc.*, 536 F. App'x 373, 375 (4th Cir. 2013) (per curiam) (unpublished) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).  "The 'special judicial

solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

**III.   Discussion**

Workday, the Union, and the City defendants each separately move to dismiss the claims against them. Where the parties' arguments overlap, the Court addresses them together.

As an initial matter, it is worth clarifying which of the defendants employed the plaintiffs. The complaint does not expressly state this information, but context and liberal interpretation provide an answer. Plaintiffs allege "Workday is a payroll management system." ECF 1, at 14. Thus, Workday did not employ any of the plaintiffs itself; rather, it provided a service to plaintiffs' employers. The complaint further alleges "[d]efendant Dept of Finance oversees the Workday systems." *Id.* From this, the Court infers that the Baltimore City Department of Finance also did not employ plaintiffs. Finally, though the complaint does not devote any special attention to the Union, plaintiffs' opposition indicates they are "union members of the City Union of Baltimore and are not employees." ECF 24, at 3. Thus, the City and BPD appear to be plaintiffs' employers. Nothing in plaintiffs' opposition indicates otherwise. *See* ECF 24.

**A.   The Baltimore City Department of Finance**

The Baltimore City Department of Finance is not a legal entity that can sue or be sued. The Baltimore City Charter creates a municipal corporation known as the Mayor and City Council of Baltimore, Balt. City Charter, Art. 1, § 1 (2022), as well as the Department of Finance, *id.* Art VII, § 5. The former "may sue or be sued." *Id.* Art 1, § 1. The latter is given no such capacity by the charter. "[A]bsent a statutory or constitutional provision creating a government agency, an 'office' or 'department' bears no unique legal identity, and thus, it cannot be sued under Maryland

5

law." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 393 (4th Cir. 2014) (citing *Boyer v. State*, 594 A.2d 121, 128 n.9 (Md. 1991)); *see also Upman v. Howard Cnty. Police Dep't*, No. RDB-09-1547, 2010 WL 1007844, at *2 (D. Md. Mar. 17, 2010) ("Maryland law is not unique as federal courts have traditionally recognized that individual government departments lack the capacity to be sued."). Accordingly, all claims against the Baltimore City Department of Finance are dismissed.

### B. The NLRA Claims

Plaintiffs allege defendants violated the NLRA "by refusing to bargain collectively and in good faith concerning representation in bringing and enforcing a bargaining agreement." ECF 1, at 14. "In the NLRA, Congress established a 'comprehensive amalgam of substantive law and regulatory arrangements . . . to govern labor-management relations affecting interstate commerce.'" *Richardson v. Kruchko & Fries*, 966 F.2d 153, 155 (4th Cir. 1992) (quoting *Local 926, Int'l Union of Operating Eng'rs, AFL-CIO v. Jones*, 460 U.S. 669, 675–76 (1983)). The complaint does not specify what provision or provisions of the NLRA plaintiffs base their claims upon.

In their opposition, plaintiffs indicate they intended to plead a claim under the NLRA against the Union, and they refer to the Union's "duty of fair representation." ECF 24, at 3–4. They also quote § 8(b) of the NLRA, 29 U.S.C. § 158(b). *Id.* at 3. Courts recognize a duty of fair representation implicit within the NLRA, specifically sections 8(b)(1)(A) (making it an unfair labor practice for a labor organization to "restrain or coerce" employees in the exercise of their right to self-organization) and 9(a) (providing for exclusive representation in certain circumstances). *See Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998) (referring to 29 U.S.C. § 159(a)); *Vaca v. Sipes*, 386 U.S. 171, 177–78 (1967) (referring to 29 U.S.C. §

158(b)(1)(A)). "It is well established that unions, as exclusive bargaining agents in the negotiation, administration and enforcement of collective bargaining agreements, have an implicit duty 'to serve the interests of all members without hostility or discrimination toward any, to exercise [their] discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 657 (4th Cir. 2002)) (quoting *Vaca*, 386 U.S. at 177). "A union breaches its duty of fair representation if its actions are either arbitrary, discriminatory, or in bad faith." *Groves v. Commc'n Workers of Am.*, 815 F.3d 177, 179 (4th Cir. 2016) (quoting *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (internal quotation marks omitted)). The NLRA does not explicitly provide a private cause of action to enforce the duty of fair representation against labor organizations, but the Supreme Court has found one to be implicit in the statute. *Karahalios v. Nat'l Fed'n of Fed. Emps., Loc. 1263*, 489 U.S. 527, 534 (1989).

The NLRA provisions giving rise to the duty of fair representation refer to "employers," "employees," and "labor organizations," terms defined by the statute. *See* 29 U.S.C. §§ 158(b)(1)(A) & 159(a). The NLRA defines "employer" to exclude "any State or political subdivision thereof." 29 U.S.C. § 152(2). An "employee" excludes "any individual employed . . . by any other person who is not an employer as herein defined," *id.* § 152(3), and a "labor organization" is any organization "in which employees participate" and which deals "with employers[,]" *id.* § 152(5). Plaintiffs' employers, the City and BPD, are political subdivisions of the State of Maryland. *See Corbitt v. Balt. City Police Dep't*, No. RDB-20-3431, 2021 WL 3510579, at *5 (D. Md. Aug. 10, 2021) (citing cases and finding BPD to be a political subdivision of the State); *City of Balt. v. Concord Baptist Church, Inc.*, 262 A.2d 755, 759 (Md. 1970) (noting

7

the City is "a creature of the State").³  Thus, the City and BPD are not "employers" as defined by the NLRA, plaintiffs are not "employees" within the meaning of the statute, and the Union is not a covered "labor organization" subject to the duty of fair representation under the NLRA.  This Court has previously dismissed NLRA fair representation claims in similar circumstances.  *See, e.g.*, *Adams v. Am. Fed. of State*, 167 F. Supp. 3d 730, 741 (D. Md. 2016) (holding employees of a school district "could not sue their unions under the NLRA for a breach of the duty of fair representation"); *Lewis v. Balt. Convention Ctr.*, No. ELH-12-2008, 2015 WL 268571, at *8–9 (D. Md. Jan. 20, 2015) (dismissing fair representation claim against union representing state employees); *Snead v. Bd. of Educ. of Prince George's Cnty.*, 815 F. Supp. 2d 889, 896 (D. Md. Sep. 2, 2011) (discussing the duty of fair representation and stating the "relevant statutory language makes plain . . . that public employers are not covered" and their employees thus cannot sue their unions for a breach of the duty of fair representation).  The NLRA fair representation claim against the City Union of Baltimore is dismissed.

It is unclear from plaintiffs' complaint whether they intended to also plead NLRA claims against Workday, the City, and/or BPD.  If they did, these claims fair no better.  Plaintiffs do not allege Workday is their employer, and as discussed above, the City and BPD are not "employers" under the NRLA because the statute's definition of "employer" excludes "any State or political subdivision thereof."  29 U.S.C. § 152(2).  It follows that the NLRA does not cover these

---

³ The term "political subdivision" is not defined in the NLRA, but courts "have held that the term includes those entities that are either '(1) created directly by the State, so as to constitute a department or administrative arm of the government or (2) . . . administered by individuals responsible to public officials or the general electorate.'"  *N.L.R.B. v. Princeton Mem'l Hosp.*, 939 F.2d 174, 177 (4th Cir. 1991) (quoting *N.L.R.B. v. Nat. Gas Util. Dist. of Hawkins Cnty., Tenn.*, 402 U.S. 600, 604–05 (1971)).

defendants in this case. Any claims under the NRLA against Workday, the City, and BPD are dismissed.[4]

### C. The FLSA Claims

Plaintiffs assert claims under the FLSA. They allege defendants "did cause harm and violate employees' rights with respect to overtime pay, record keeping and other terms that cover employees." ECF 1, at 14. Specifically, they allege errors in the Workday payroll management system resulted "in plaintiffs not receiving proper pay, and [the system] continues to not calculate payroll properly causing plaintiff to be under paid, receive no pay, be overpaid or not properly compensated according to the department and specific pay guidelines according to contract." *Id.* Many employees "are still awaiting pay from 9 months ago, in some form or fashion." *Id.*

"Congress enacted the FLSA 'to protect all covered workers from substandard wages and oppressive working hours.'" *Conner v. Cleveland Cnty., N.C.*, 22 F.4th 412, 420 (4th Cir. 2022) (quoting *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 446 (4th Cir. 2015) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981))). "To accomplish these goals, the FLSA requires employers 'to pay their employees both a minimum wage and overtime pay.'" *Id.* (quoting *Hall v. DIRECTV, LLC*, 846 F.3d 757, 761 (4th Cir. 2017)); 29 U.S.C. §§ 206(a)(1), 207(a)(1). The FLSA also imposes certain record keeping requirements on employers. 29 U.S.C.

---

[4] The Court does not hold there is a cause of action under the NLRA to remedy the kind of wrongs plaintiffs allege against Workday, the City, or BPD. Likely, there is not. *See Doe v. Paychex, Inc.*, No. 3:17-cv-2031 (VAB), 2019 WL 2027080, at *9 (D. Conn. May 6, 2019) (dismissing NLRA claims against employer because "[i]ndividual plaintiffs do not have a right to sue under the [NLRA]"); *see also* Protecting the Right to Organize Act of 2021, H.R. 842, 117th Cong. (pending legislation creating private right of action against employers for violations of workers' rights under the NLRA). Rather, the Court holds that even if there is such a cause of action, it would not be available to plaintiffs to sue these defendants.

9

§ 211(c).  Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).

Plaintiffs' FLSA claims fail for three reasons.  First, to the extent plaintiffs bring FLSA claims against Workday or the Union, those claims are dismissed because plaintiffs do not allege either entity is or was their employer.  Second, any claims relating to record keeping are not cognizable because the FLSA does not provide a private cause of action to enforce its record keeping provisions.  *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002) ("Authority to enforce the [FLSA's] recordkeeping provisions is vested exclusively in the Secretary of Labor."); *Davis v. Skylink LTD*, No. CIV.A. 3:11-0094, 2011 WL 2447113, at *3 (S.D.W. Va. June 15, 2011).

Finally, plaintiffs' conclusory and vague allegations that the City and BPD failed to pay minimum and overtime wages do not meet the pleading standard set by Rule 8.  Regarding overtime, "a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours."  *Hall*, 846 F.3d at 777. The Fourth Circuit has explained:

> [T]o state a plausible FLSA overtime claim, plaintiffs 'must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week.'  A plaintiff can meet this initial standard 'by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility.'"

*Id.* (citations omitted).  The standard is functionally identical regarding alleged minimum wage violations.  *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), *as amended* (Jan. 26, 2015) (using the same standard to assess both minimum wage and overtime claims; cited

by *Hall*); *Acosta v. Ararat Imp. & Exp. Co., LLC*, 378 F. Supp. 3d 443, 450 (E.D.N.C. 2019) (stating plaintiffs must plead "only sufficient information . . . such as the length and frequency of employees' underpaid work to support a reasonable inference that the employees did not receive the applicable minimum hourly rate").  In *Hall*, the Fourth Circuit concluded that allegations about the nature and structure of a payment scheme resulting in frequent unpaid overtime work were nudged "from the merely conceivable to the plausible" by granular allegations about the individual plaintiffs' "regular work schedules, rates of pay, and uncompensated work time."  846 F.3d at 778.  Such granularity is lacking here.  Plaintiffs allege only that a faulty system resulted in various errors over many months.  This Court has previously dismissed complaints under Rule 12(b)(6) for providing only legal conclusions in cases where the complaints included either the same or more detail than plaintiffs offer.  *See, e.g.*, *Aleman v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, No. PX-19-591, 2019 WL 6717180, at *6–7 (D. Md. Dec. 9, 2019) (dismissing complaint that provided "no facts by which this Court can infer how and in what capacity Plaintiffs worked more than 40 hours in a given week" or a time frame for the alleged misconduct); *Ramnarine v. Rainbow Child Dev. Ctr., Inc.*, No. RWT-17-2261, 2018 WL 1243546, at *3 (D. Md. Mar. 9, 2018) (dismissing complaint that alleged only that the plaintiff worked more than 40 hours per week and attended uncompensated meetings); *Peterson v. M.J.J., Inc.*, No. JKB-16-3629, 2017 WL 4098755, at *4 (D. Md. Sept. 13, 2017) (dismissing complaint that alleged only that the plaintiff "regularly worked over forty hours a week yet was not paid at the proper overtime rate"), *aff'd*, 720 F. App'x 702 (4th Cir. 2018).  Plaintiffs do not allege any details regarding their individual work schedules, rates of pay, or overtime hours.  They have not plausibly alleged FLSA violations.

       The FLSA claims are dismissed.

### D. State Law Claims

The complaint refers briefly to negligence and violations of other state and local laws. ECF 1, at 14. A federal court may decline to exercise supplemental jurisdiction over a state law claim if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012). Having dismissed plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Plaintiffs' claims of negligence and any violations of state or local laws are dismissed.[5]

## IV. Conclusion

Plaintiffs fail to plead cognizable federal claims. Their NRLA, FLSA, and pendant state law claims are dismissed. The claims against the Baltimore City Department of Finance, the NRLA claims, the FLSA claims against Workday and the Union, and the FLSA claims regarding record keeping violations are dismissed with prejudice because amendment would be futile. *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (observing dismissal with prejudice is warranted where "amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability"). The remaining claims are dismissed without prejudice. A separate Order follows.

DATED this 21st day of June, 2022.

Deborah L. Boardman
United States District Judge

---

[5] The Court does not reach the defendants' arguments addressed to these claims.